**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Payne; and Mohnach Payne Inc., | No. CV-10-297-PHX-DGC |
| Plaintiffs, | **ORDER** |
| vs. | |
| Kennedy Johnson Gallagher LLC, | |
| Defendant. | |

In April 2009, Thomas Payne and his corporation, Mohnach Payne Inc. ("MPI"), retained the New York-based law firm of Kennedy Johnson Gallagher LLC ("KJG") to represent them in arbitration proceedings. According to Payne, KJG partner Peter Gallagher estimated that the representation would cost as much as $350,000. KJG ultimately charged more than $800,000 for its legal services.

Payne and MPI filed a complaint in this Court on February 10, 2010, seeking a declaratory judgment as to the fair and reasonable amount of fees and costs that may be billed by KJG. Dkt. #1. KJG learned about this action from a third party on February 17, 2010, and promptly filed suit against Payne and MPI two days later in the Southern District of New York (the "New York action"). *See Kennedy Johnson Gallagher LLC v. Payne*, 10-CV-1363-RMB (S.D.N.Y. Feb. 19, 2010). The complaint in that case asserts three claims arising out of the parties' retainer agreement and the resulting legal services provided by KJG: breach of contract, account stated, and quantum meruit. Dkt. #1, CV-10-1363.

KJG has filed a motion to dismiss this action as an improper anticipatory lawsuit, requesting in the alternative that the action be stayed or transferred. Dkt. #14. The motion is fully briefed. Dkt. #14, 17, 18. No party has requested oral argument. For reasons stated below, the Court will dismiss this action.

**I.      The First-to-File Rule.**

The motion to dismiss implicates the "first-to-file" rule. That rule is a "doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir.1982). Because this action was brought before KJG filed the New York action, strict application of the first-to-file rule would cause the Court to retain, rather than dismiss, this suit.

The first-to-file rule, however, "is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Id.* at 95 (citing *Church of Scientology of Cal.*, 611 F.2d 738, 750 (9th Cir. 1980)). Indeed, the "most basic aspect of the first-to-file rule is that it is discretionary[.]" *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991). "Special circumstances which may warrant granting an exception to the first-to-file rule are 'bad faith, anticipatory suit, and forum shopping.'" *Nat'l Broom Co. of Cal., Inc. v. Brookstone Co.*, No. C 09-00959 JSW, 2009 WL 2365677, at *2 (N.D. Cal. July 30, 2009) (quoting *Alltrade*, 946 F.2d at 628). Courts recognize those equitable exceptions in order to "eliminate the race to the courthouse door in an attempt to preempt a later suit in another forum." *Callaway Golf Co. v. Corporate Trade Inc.*, No. 09cv384 L(POR)., 2010 WL 743829, at *3 (S.D. Cal. Mar. 1, 2010).

Each exception to the first-to-file rule exists in this case, KJG argues, because Payne secretly filed this action to preempt an imminent suit by KJG in New York. Dkt. #15 at 2-3. The Court agrees.

An action is anticipatory where "the plaintiff files it upon receipt of specific, concrete indications that a suit by the defendant is imminent." *Nat'l Broom*, 2009 WL 2365677, at *3.

1  KJG offers the declaration of Peter Gallagher in support of its argument that this action is an
2  improper anticipatory suit. Dkt. #16. Gallagher states that during a telephone call with
3  Payne on February 5, 2010, he told Payne that KJG was on the verge of commencing
4  litigation against Payne and MPI and that a suit would be filed unless Payne agreed to
5  provide KJG with a confession of judgment and a security interest in certain real property
6  located in Flagstaff. *Id.* ¶ 7. Payne asserts that no "specific" threat was discussed in a
7  "substantive way" during the February 5 call (Dkt. #17 at 11-12), but presents no evidence,
8  by way of declaration or otherwise, in support of this assertion. Gallagher's testimony
9  establishes that this action was filed only five days after KJG explicitly threatened imminent
10 suit against Payne and MPI. Dkt. #16 ¶ 7. The Court, on the basis of that undisputed
11 evidence, finds that this action constitutes an anticipatory suit for purposes of the first-to-file
12 rule. *See Nat'l Broom*, 2009 WL 2365677, at *1-3 (finding a suit to be anticipatory where
13 it was filed only days after the plaintiff was informed that the defendant would have no
14 choice but to commence litigation if the parties could not reach a settlement); *Z-Line
15 Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663, 666-67 (N.D. Cal. 2003) (finding a suit
16 to be anticipatory where it was filed only days after the receipt of a cease and desist letter).

17      Gallagher states in his declaration that, prior to learning about the existence of this
18 action, he again spoke with Payne on the afternoon of February 12, 2010. Payne told
19 Gallagher that he would provide the requested security interest and would keep KJG
20 informed on the progress of the sale of the Flagstaff property, but only if there *continued to
21 be no litigation* between the parties. Dkt. #16 ¶ 9. Payne asserts that he "took no action to
22 provide a security interest" to KJG (Dkt. #17 at 12), but does not dispute that he promised
23 to provide it to KJG on the condition that "no litigation" would be filed by the parties. This
24 specific assurance of "no litigation," coupled with this suit being filed by Payne only days
25 before, shows that Payne secretly filed suit in his home forum while simultaneously inducing
26 KJG not to file suit in New York. This "procedural gamesmanship" evinces bad faith and
27 forum shopping on the part of Payne and "mitigates against applying the first filed rule."
28 *PhotoMedex, Inc. v. St. Paul Fire & Marine Ins. Co.*, No. 09-00896, 2009 WL 2326750, at

*7 (E.D. Pa. July 28, 2009); *see Xoxide, Inc. v. Ford Motor Co.*, 448 F. Supp. 2d 1188, 1194 (C.D. Cal. 2006) (the plaintiff engaged in forum shopping where it secretly filed suit in its home state while giving the impression that it willing to negotiate a settlement in good faith).

The Declaratory Judgment Act, 28 U.S.C. § 2201, "'is not to be invoked to deprive a plaintiff of his conventional choice of forum and timing, precipitating a disorderly race to the courthouse.'" *Id.* (citation omitted). "[C]ourts may ignore the timing of a suit to avoid rewarding parties attempting to use the declaratory judgment action in a 'race to the courthouse.'" *Chicago Ins. Co. v. Holzer*, No. 00 Civ. 1062(SAS)., 2000 WL 777907, at *2 (S.D.N.Y. June 16, 2000) (citation omitted). The undisputed evidence shows that Payne filed this declaratory judgment action as a means of forum shopping and in anticipation of an imminent suit by KJG. The Court "will not give such a suit the deference ordinarily reserved for first-filed actions." *Xoxide*, 448 F. Supp. 2d at 1194; *see Chicago Ins. Co.*, 2000 WL 777907, at *4; *Z-Line Designs*, 218 F.R.D. at 667.

Payne notes that KJG made no written threat of suit (Dkt. #17 at 10, 14), but cites no legal authority requiring that the threat be written. Payne's reliance on *M.D. Beauty* and *Guthy-Renker* (Dkt. #17 at 6-11) is misplaced. The communications in those cases were too vague to constitute concrete threats of imminent suit. *See M.D. Beauty, Inc. v. Gross*, No. C03-3082 SBA, 2003 WL 24056263, *4-5 (N.D. Cal. Oct. 27, 2003) (demand letters used strong language but "neither threatened imminent litigation"); *Guthy-Renker Fitness, L.L.C. v. ICON Health & Fitness, Inc.*, 179 F.R.D. 264, 271 (C.D. Cal. 1998) (demand letter was "an attempt to avoid litigation" and "neither provided nor intended to provide [p]laintiff with a specific concrete indication of imminent suit").

**II.     The Decision to Dismiss, Stay, or Transfer this Action.**

This case and the New York action differ only as to the remedy sought. The relief sought by Payne and MPI in this case – a judicial determination as to the reasonableness of the fees and costs charged by KJG – can be obtained in the New York action. *See Chicago Ins. Co.*, 2000 WL 777907, at *4 (declaratory relief sought by insurance company regarding its obligation to defend and indemnify could be sought in underlying suit). Payne and MPI

have not demonstrated a "likelihood of dismissal" of the New York action. *Alltrade*, 946 F.2d at 629. Nor do Payne and MPI contend that they would be precluded, by the statute of limitations or otherwise, from filing a new suit if the New York action were to be dismissed. Permitting multiple lawsuits over identical issues would risk conflicting determinations and would "serve no purpose of judicial administration[.]" *Pacesetter*, 678 F.2d at 96. The Court concludes that this action should be dismissed rather than stayed or transferred. *See Xoxide*, 448 F. Supp. 2d at 1194; *Z-Line Designs*, 218 F.R.D. at 667; *Chicago Ins. Co.*, 2000 WL 777907, at *4.

**IT IS ORDERED:**

1. Defendant Kennedy Johnson Gallagher LLC's motion to dismiss (Dkt. #14) is **granted**.
2. The complaint filed by Plaintiffs Thomas Payne and Mohnach Payne Inc. (Dkt. #1) is **dismissed**.
3. The Clerk is directed to enter judgment accordingly.

DATED this 21st day of May, 2010.

_____
David G. Campbell
United States District Judge